UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK N. FOSTER, | ) | Case No.: 5:13 CV 284 |
| Plaintiff | ) ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| CAROLYN COLVIN, Commissioner of Social Security, | ) ) ) | |
| Defendant | ) | ORDER |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to the claimant, Derek N. Foster ("Plaintiff") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Vernelis K. Armstrong for preparation of a report and recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff sought an order remanding the case. The Commissioner sought final judgment upholding the decision below. Specifically, Plaintiff argued that the ALJ failed to properly: (1) weigh treating and non-treating source opinions; (2) evaluate Plaintiff's credibility; and (3) meet her burden of showing that Plaintiff can perform work that is available in the national economy. (Pl.'s Br. on the Merits, ECF No. 13.)

Magistrate Judge Armstrong submitted her R & R on September 13, 2013, recommending that the Commissioner's decision be affirmed (ECF No. 17). First, she concluded that the ALJ provided sufficient reasoning for his decision to reject treating physician Dr. Ford's opinion in the May 3, 2010, medical report submitted to the Bureau of Disability Determination. Next, Magistrate

Judge Armstrong found that Plaintiff's subjective allegations about his health issues were not supported by substantial evidence and concluded that the ALJ set forth adequate reasons for not finding Plaintiff's subjective statements about pain credible. Finally, she found that the ALJ's hypothetical question accurately portrayed Plaintiff's actual limitations, and therefore Plaintiff's assignment of error regarding the ALJ failing to determine Plaintiff's ability to perform work in the national economy was without merit.

Plaintiff filed objections to the R & R on September 17, 2013. (ECF No. 18.) Plaintiff contends *Cole v. Comm'r Soc. Sec.*, No. 09-4309, 2011 WL 2745792 (6th Cir. July 15, 2011), demonstrates that the ALJ improperly analyzed Dr. Ford's assessment under the treating physician rule. In *Cole*, the Sixth Circuit reiterated that the treating physician rule requires the ALJ to "give a treating source's opinion controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] . . . case record.'" *Cole*, 2011 WL 2745792, at *8. If an ALJ refuses to give a treating physician's opinion controlling weight, the ALJ must balance "'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.'" *Id.* The court held that the ALJ's opinion violated the treating physician rule, because the ALJ "failed to assign a weight and provide any reasons for disregarding" the treating physician's opinion. *Id.* at *9. Because the ALJ violated the treating physician rule, the court concluded that the ALJ's decision was not supported by substantial evidence. *Id.* at 10.

Here, the ALJ assigned a weight to Dr. Ford's medical report and provided reasons for disregarding it. The ALJ gave Dr. Ford's May 3, 2010 medical report little weight because Dr.

Ford's "opinion was inconsistent with others in the record, including those of Dr. Dubey, and Drs. Finnerty and Umana" and "the severity of the limitations voiced in his opinion [were] neither indicated nor suggested by his own treatment records." (ECF No. 12, at p. 33). Magistrate Judge Armstrong concluded that the ALJ provided substantial justification for the weight assigned to Dr. Ford's medical report and listed some of the supporting evidence in the record. Plaintiff argues that Magistrate Judge Armstrong's reference to the daily activities of Plaintiff as evidence that the ALJ's analysis regarding the weight to assign to Dr. Ford's medical report was correct is an "impermissible post hoc rationalization" because the ALJ did not note that Plaintiff's daily activities were one of the reasons Dr. Ford's opinion was assigned little weight. (ECF No. 18, at 3). The Sixth Circuit has held that when reviewing an ALJ's decision, the reviewing court may consider the record as a whole including evidence that was not relied upon by the ALJ. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992) *(citing Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)). Therefore, Magistrate Judge Armstrong correctly considered the entire record, including evidence of Plaintiff's daily activities not relied on by the ALJ in concluding that the ALJ correctly assigned the weight to Dr. Ford's medical report.

An ALJ must give a treating physician's opinion controlling weight if it is well-supported by medically acceptable clinical techniques and is consistent with other evidence in the record. Dr. Ford's opinion in the medical report in this case did not meet the standard, which would require that it receive controlling weight. Dr. Ford's medical report was given little weight and disregarded because it was inconsistent with his own treatment records and the opinions of the state examiners. Therefore, Plaintiff's objections are not persuasive.

The court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation.  (ECF No. 17.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 2, 2013